OPINION OF THE COURT.
This suit is brought on a bill of lading, by which the defendant undertook to transport forty-five bales of cotton, from the Walnut Hills in this state, to Natchez. It appeared on the trial, that the plaintiff had purchased the cotton of the defendants, and'took a bill of lading, for delivery at Natchez. That the defendant proved, that the plaintiff, previous to the purchase, was in possession of a rumor of peace, between the United States and Great Britain, which he had not communicated to the defendant. On behalf of the defendant, it was contended at the trial, that the plaintiff, being in possession of this rumor, and having failed to communicate it to the defendant, it was such a suppression of the truth, as rendered the transaction fraudulent and void. The Judge who tried the cause, charged the jury, that the evidence to establish the plaintiff’s knowledge of the peace, and his concealment thereof from the defendant, was proper under the issue to be left to the jury, in as much as, the bill of lading was given at the time of the sale, and grew out of, and was connected with it, and that if the sale was fraudulent, the bill of sale must be so also, and directed the jury, that if they were satisfied, that the plaintiff was in possession of a rumor of peace, and if that rumour was calculated to affect materially the price of cotton, and did not communicate it to the defendant, they ought to find for the defendant; which they accordingly did.
It is contended on behalf of the plaintiff, that a court of law, ought not to look beyond the bill of lading, and that consequently, nothing should be admitted in the defence, but a loss of the property, by such casualities, as would exuse a common carrier, such as the act of God, or of the common enemy, or of the opposite party. — If the bill of lading had been fairly and lawfully obtained, nothing would excuse the non-delivery of 'the property, other than as contended for by the couusel of the plaintiff. But this contract, to carry and deliver the property mentioned-, must stand on the same footing, as ail other contracts and agreements. If obtained *73 by fraud, by a suggestion of falsehood-, or suppression of tlio truth, it is void, and tho party is not hound to perform it. It is immaterial, with what formality, or under what solemnity, an obligation is entered into, if obtained by fraud, or imposition, it may be avoided, either in a court of equity, or a court of law, as these tribunals have concurrent jurisdiction., in all cases of fraud, where it is properly brought into question before them.
Note, It would certainly be well, for the best interests of society, if the pure principles of morality inculcated in this case, could be established as the law of the land, and practically enforced in the ordinary transactions of life. >Such a rule, as is laid down in this case, has been considered by many enlightened tribunals, as replete with difficulties. «$, by accident, or superior industrjr, hears rumors, calculated if true, to enhance the price of an article,and P, purchasesit,¡without communicating this rumor to B. Is A bound to enquire of B, the extent of his knowledge, before lie purchases from him — if so, before he enters upon a bargain, is he bound tó communicate to him, every fact or rumor calculated to enhance the price of the article — or if not every fact, what facts, and who is tobo the judge, or is there tobo no certain standard? If A hears, that bad seasons have affected the crops, must he communicate it to B, before he purchases, and unfold to him, every fact within his possession, calculated to affect this price, and is the obligation on the part of B, to apprize A of every fact calculated to diminish the price of an article reciprocal, on pain of rendering the contract invalid ? Or who shall decide that the facts not communicated, were material, or that they were fraudulently withheld, or how ascertain the fact of the ignorance of either party? In the case of Laidlatvvs. Organ, 2d Wheaton 178, the Supremo Court of the United States, in facts identical with those contained in this case, decided, as follows: 44 The question in this case is, whether the intelligence of extrinsic circumstances which might influence tho price of the commodity, and which was exclusively within tho knowledge of the vendee, ought to have been communicated by him to tho vendor? The court is of opinion that he was not bound to communicate it.” The fact withhold in this case, was the news of tho peace concluded between Great Britain and the United States, ami th*» article pir.xha^vd, was mbn wi3 materially enhanced in price by •hi-; intelligent".',,
l'n the present caso, it was alleged, that the plaintiff was in possession of material information, which was unknown to tho defendant, and which the plaintiff withheld, by reason whereof, he was enabled to impose on the -defendant, by purchasing his property at a price, far below its value at the time. This was the enquiry properly submitted to the consideration of tho jury, and they have found it tobe the fact, and this court has nó reason to believe, that their verdict was without or contrary to evidence 'so far as it has been disclosed to them. The motion for a new trial, must be overruled.